Argued and submitted March 17, reversed and remanded June 18, 1997

In the Matter of the Compensation of
Tracie L. Martin, Claimant.

Tracie L. MARTIN,
*Petitioner,*

*v.*

HEWLETT-PACKARD CO.,
*Respondent.*

(WCB No. 94-12729; CA A92915)

941 P2d 556

Robert Wollheim argued the cause for petitioner. With him on the brief were Welch, Bruun, Green & Wollheim, J. David Kryger and Emmons, Kropp, Kryger, et al.

Ruth C. Rocker argued the cause for respondent. With her on the brief were Janet M. Schroer and Hoffman, Hart & Wagner.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board, contending that the Board erred in reversing an order of an administrative law judge (ALJ) and finding that claimant had failed to establish that she has permanent impairment. Because we conclude that the Board erred as a matter of law in concluding that there was no evidence of permanent impairment, we reverse the Board's order and remand the case for reconsideration.

While working for employer, claimant sustained a left wrist injury, diagnosed as carpal tunnel syndrome. Employer accepted the claim as disabling. Dr. Warren, claimant's attending physician, limited claimant to light duty, and her symptoms began to improve. After approximately six months of light-duty work, claimant reported to Warren that her condition was better and asked to be released for regular work. Warren released her for regular work and, in a report dated February 2, 1994, which claimant characterizes as a closing examination report, indicated that claimant had become medically stationary and that there was no need for surgical intervention. Claimant returned to her regular work.

The claim was closed on July 28, 1994, with no award of permanent partial disability. Claimant sought reconsideration, contending that there was permanent disability. The Department of Consumer and Business Services affirmed the notice of closure, and claimant requested a hearing. An ALJ awarded claimant 14 percent scheduled permanent partial disability and attorney fees, and employer appealed to the Board. The Board reversed the ALJ's order, finding that claimant had failed to present any evidence that she had permanent impairment. The Board said:

"To obtain a permanent scheduled disability award, claimant must establish a *permanent* loss of use or function of a body part due to an industrial injury. ORS 656.214-(1)(b); OAR 436-35-010(2). If there is no medical evidence of permanent loss of such use or function, there is no basis for a permanent disability award. *E.g., Nancy P. Strande*, 46 Van Natta 400 (1994).

"Here, Dr. Warren found numbness and tingling in the fingers of claimant's left hand and determined that claimant was 'obviously unable to perform repetitive heavy grasping activities with the left hand and forearm.' *Warren did not, however, state that those findings were permanent. Because there is no other medical evidence establishing the permanency of claimant's left hand findings, there is no basis for a permanent disability award.* Consequently, we reverse the ALJ's scheduled permanent disability award and reinstate the Order on Reconsideration." (First emphasis Board's; second emphasis supplied.)

Claimant asserts that the Board erred as a matter of law in finding that claimant had no permanent disability. Claimant notes that, pursuant to OAR 436-10-080(2), when the attending physician determines that a worker is medically stationary, the physician must state whether the worker's injury-related condition has resolved, returning the worker to preinjury status. The rule further provides that "[i]f there is a permanent loss of use or function, a closing examination as described in this rule shall be performed." Claimant asserts that OAR 436-10-080(2) permits a closing examination *only* after the claimant has become medically stationary, *i.e.*, when "no further material improvement would reasonably be expected from medical treatment, or the passage of time," ORS 656.005(17), and only if there is permanent residual loss of use or function. Accordingly, she reasons, if a closing examination is conducted, then any identified impairment must be permanent.

■       We disagree with claimant's first assumption that, because the rule requires a closing examination when the impairment is permanent, a closing examination is conducted only when there is permanent disability. Although the rule requires a closing examination if there is permanent impairment, it does not prohibit a closing examination in other circumstances. Any final examination by an attending physician before claim closure might satisfy the criteria for a closing examination, whether or not the claimant has permanent impairment. Thus, the fact that Warren's last examination of claimant met the criteria for a closing examination does not necessarily mean that claimant has permanent disability.

■ Claimant further contends that the Board erred as a matter of law in finding that Warren's opinion could not support a finding of permanent impairment. In his February 2, 1994, report concerning claimant's condition, Warren found that claimant has a loss of sensation in her fingers and "is obviously unable to perform repetitive heavy grasping activities with the left hand and forearm." He did not say whether those conditions were permanent, but they are conditions that together have an impairment value of 14 percent. Warren recommended, in the same report, that the claim be closed and "be made medically stationary." When a person's condition is medically stationary, "no further material improvement would reasonably be expected from medical treatment, or the passage of time." ORS 656.005(17). In view of the simultaneous finding in Warren's report that claimant is medically stationary, at least one reasonable finding is that the impairment described in the report is not reasonably expected to improve from medical treatment or the passage of time. That is evidence of permanent impairment. Accordingly, the Board erred as a matter of law in concluding that claimant presented no evidence of permanent impairment. On remand, the Board should reconsider its order in the light of this opinion.

Reversed and remanded.